Robert J. Murphy, Esquire
Attorney ID NO. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Pro Se

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FILED**

**APR 2 4 2017**

**KATE BARKMAN, Clerk**
By_____Dep. Clerk

Robert J. Murphy, Esquire
Individually and on behalf of
All others similarly situated      :   CIVIL ACTION NO. 17-01239 -E.G.S.
                                    :
        Plaintiff
            v.                     :
Office of Disciplinary Counsel,
Paul J. Killian,
Chief Disciplinary Counsel in his official  :
Capacity and in his personal capacity
and
Michael Gottsch,                   :
In his Official Capacity and in his personal
Capacity,
And
The Disciplinary Board of the Supreme   :
Court of Pennsylvania
Pennsylvania Judicial Center
and
Jane G. Penny                      :
Board Chair in her Official Capacity
And in her personal capacity
And
Julia Frankston-Morris, Esq.            :

1

Board Secretary in her official
Capacity and in her personal capacity

## PLAINTIFF'S AMENDED COMPLAINT

## INTRODUCTION

1.      At all times material hereto, the above named plaintiff, Robert J. Murphy, Esq.,

(hereinafter plaintiff) is a citizen of the United States and hereby files the following amended

complaint in his behalf and for all others similarly situated against defendants and each of them

in their individual and personal capacities seeking legal and equitable relief including but not

limited to declaratory and prospective relief, nominal, compensatory and punitive damages,

equitable, permanent, prospective and preliminary injunctive relief and/or a temporary

restraining order including involving defendants' continuous and ongoing unlawful, wrongful

and deliberate violations and deprivation of the clearly established and well settled fundamental

rights of plaintiff and all others similarly situated guaranteed by the United States Constitution

Amendment 1, 5, 6, 14, The Declaratory Judgment Act 28 U.S.C.A. Section 2201 et. seq., Civil

Rights Act, 42 Pa. C.S.A. 1983 et. seq., and applicable law, inter alia, to prevent continuing

actual and immediate irreparable prejudice to plaintiff and all others similarly situated caused by

defendants' unconstitutional, bad faith, frivolous, willful, flagrant, wholesale, wrongful and

intentional misconduct, policies, plans, customs, practices, actions or omissions involving

defendants' unconstitutional Disciplinary Enforcement and Board Rules, investigation,

disposition and discipline proceedings against plaintiff and all others similarly situated

constituting facial and/or as applied violation and deprivation of their clearly protected

fundamental constitutional and legal, equitable and civil rights to life, liberty, or property, and

their rights, privileges and immunities without due process of law including but not limited to

free speech, right of association, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all others similarly situated.

## JURISDICTION AND VENUE

2.      At all times material hereto, this action is a case or controversy over which this court has jurisdiction under Article III of the United States Constitution. Jurisdiction is based on 28 U.S.C.A. Section 1331 and venue is proper in this court pursuant to 28 U.S.C.A. Section 1391 because the captioned claims for relief arose in the Eastern District of Pennsylvania. There is no factual or legal justification to abstain from this court's unflagging jurisdiction to decide the captioned matter to prevent continuing irreparable, immediate, actual prejudice to plaintiff and all other similarly situated persons resulting from defendants' ongoing and continuous violation of their foregoing fundamental constitutional and legal, equitable and civil rights to life, liberty, or property, privileges and immunities guaranteed to plaintiff and all others similarly situated to prevent continued, actual, immediate, irreparable prejudice to them in accordance with the United States Constitution, applicable law and decisions and decisions including the Court's decision in *Sprint Communications Inc. v. Jacobs,* 134 S. Ct. 584 (2013).

## PARTIES AND CLAIMS FOR RELIEF

3.    At all material times hereto plaintiff is a citizen of the United States with a residence at the above captioned address and is an attorney licensed to practice law in the Commonwealth of Pennsylvania for approximately 46 years.

4.    At all material times hereto, plaintiff has practiced law in state and federal trial and appellate courts in the Commonwealth of Pennsylvania throughout this entire period without any violations of the Pennsylvania Rules of Disciplinary Enforcement and the Code of Professional Responsibility and their predecessor provisions.

5.    At all material times hereto, defendant, Office of Disciplinary Counsel (hereinafter ODC/ODC defendants) is an independent, autonomous and sui generis administrative agency appointed by the Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter the Disciplinary Board) with an office address at 1601 Market Street, Suite 3320, Philadelphia, Pa. 19103-2237 acting in its official capacity under color of state law governed by Pennsylvania Rules of Disciplinary Enforcement promulgated by the Supreme Court of Pennsylvania and Pennsylvania Disciplinary Board Rules promulgated by the Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter Board) which procedures and rules are not inconsistent with Pennsylvania Rules of Disciplinary Enforcement.

6.    At all material times hereto, ODC conducts, autonomous, non-judicial and sui generis informal and administrative functions including informal investigation of grievances/complaints which are administered and performed by defendant, chief disciplinary counsel, Paul Killian, Esq., and defendant, assistant disciplinary counsel Michael Gottsch, Esq., with an office address located at 1601 Market Street, Suite 3320, Philadelphia, Pa. 19103-2237 acting in their official and personal capacities under the color of state law (hereinafter ODC/defendants) and governed

by Pennsylvania Rules of Disciplinary Enforcement promulgated by the Supreme Court of Pennsylvania and  Pennsylvania Disciplinary Board Rules promulgated by the Disciplinary Board of the Supreme Court of Pennsylvania (hereinafter Board) which procedures and rules are not inconsistent with Pennsylvania Rules of Disciplinary Enforcement.

5.      At all material times hereto, ODC defendants prepare a report of the informal and/or administrative investigation of the complaint subject to the foregoing policy supervision and control of ODC defendants' chief counsel and investigative staff and may urge positions inconsistent with the Disciplinary Board and/or hearing committee member(s) recommendations, inter alia. See e.g. Pa. R. D. E. 205 (c) (2), Pa.  D.B.R. 87.1, 87.6.

6.      At all material times hereto, defendants have the mandatory, non-judicial, non-prosecutorial and independent informal administrative powers and duties including to initiate and/or investigate written grievances/complaints or complaints otherwise brought to their attention involving alleged attorney misconduct through their foregoing independent, non-judicial non-prosecutorial, autonomous and sui generis informal administrative proceedings involving alleged unethical conduct by attorneys as defined by and subject to the Pennsylvania Rules of Disciplinary Enforcement and Pennsylvania Disciplinary Board rules.

7.      At all material times hereto, pursuant to ODC/defendants non-judicial, non-prosecutorial and independent foregoing sui generis administrative duties, ODC/defendants prepare a report to resolve and conclude informal proceedings pursuant to Chapter 87 of the Board's Disciplinary Rules including non-prosecutorial investigation and disposition of all grievances/complaints regarding alleged attorney misconduct under the direction and administration of ODC defendants

with respect to alleged attorney misconduct and/or reinstatement. Pa. D. B. R. 85.2 (definition re ODC's investigative function); 87.1, 87.2, 87.6, 87.8.

8.     At all material times hereto, the "Disciplinary Board of the Supreme Court of Pennsylvania" (hereinafter Board) shall be composed of 11 members of the Bar of the Commonwealth of Pennsylvania and two non-law electors one of whom shall be designated by the Court as officers of the Board as Chair and the other as Vice Chair with a Secretary, Julia Frankston-Morris, appointed by the Board who does not have any discretionary duties and with offices located at the above addresses including Pennsylvania Judicial Center, 601 Commonwealth Avenue, Suite 5600, P.O. Box 62625, Harrisburg, PA 17106-2625 and 1601 Market Street, Suite 3320, Philadelphia, Pa. 19103-2237.

9.     At all material times hereto, the Board shall conduct non-judicial, sui generis administrative proceedings governed by mandatory Supreme Court and Board rules including appointing Board members and hearing committees to conduct investigative hearings involving complaints/ grievances/matters including to review disciplinary counsel's charging decisions under applicable law and rules including Pa. R. D. E. 205 (a) (1), (5) (7) (8) (16), 208 (d) (1), 213 (a) (1) (2), Pa. D. B. 93.21, 93.23 (a) (5) (7) (8) (16), 93.24.

10.     At all material times hereto, the mandatory powers and duties imposed on the Board including administering their non-judicial independent administrative functions and duties shall assign investigatory hearings to a hearing committee or special master to conduct investigatory hearings prior to instituting formal proceedings pursuant to Pa. R. D. E. 205 (c) (5) (7) (16), 206 (b) (1), 213 (a), Pa. D.B., 93.23 (a) (5) (7), 93.83 (a) (1) (2), 93.91, inter alia.

11.    At all material times hereto, the mandatory powers and duties imposed on the Board including administering their non-judicial independent administrative functions and duties shall review, through a designated panel of three members, and approve or modify a determination by a reviewing hearing committee member that a grievance/matter should be concluded by the institution of formal charges before a hearing committee prior to institution of formal proceedings pursuant to a disciplinary petition pursuant to Pa. R. D. E. 205 (c) (8) (16), 206 (b) (1), 213 (a),  Pa. D. B. 93.23 (a) (8) (16), 93.83 (a) (1) (2), 93.91.

12.    At all material times hereto, except when acting under paragraphs 205 (c) (5) (7) (8) (9) the Board in performing all its functions shall act only with the concurrence of not less than the lesser of: (i) 7 members, or (ii) a majority of the members in office who are not disqualified from participating in the matter or proceeding and seven members shall constitute a quorum. See, Pa. R. D. E. 205 (b), Pa. D. B. 93.21, 93.22 (a).

13.    At all material times hereto, the Board in performing its administrative non-judicial functions shall either prepare a report recommending affirmance or change in writing the recommendation of a hearing committee(s) or special master after their recommendation of the matter at a meeting of the Board as mandated under the foregoing rules.

14.    At all material times hereto, ODC defendants' mandatory duties include their duty to promptly and timely undertake and complete their informal proceedings including investigation of all written complaints/ grievances/matters involving alleged attorney misconduct called to its attention by written complaint pursuant to Pa. D.B. 87.2 or otherwise brought to their attention pursuant to Pa. D. B. 87.1 (a) (b), 87.2.

15. At all material times hereto, the ODC defendants' foregoing independent, non-judicial, non-prosecutorial administrative mandatory duties include the duty to immediately transmit notice to the respondent-attorney of the nature of the grievance and the name and address of the complainant if the investigation has not been initiated by the Office of Disciplinary Counsel pursuant to Section 87.7 (b) (1) (2).

16. At all material times hereto, the mandatory duties imposed on defendants administering their non-judicial informal administrative functions provides that processing of grievances/complaints involving material allegations substantially similar to material allegations of pending criminal or civil litigation shall not be deferred unless the Board, i.e. at least 7 Board members, in its discretion, for good cause shown, authorize such deferment.

17. At all material times hereto, the Board rules mandate that deferral of investigatory proceedings shall not be initiated by disciplinary counsel who may only file and serve a written response to a deferral petition by the subject of the alleged grievance/complaint. Pa. R.D.E. 211 (a), Pa. D.B. 87.72 (a) (b).

18. At all material times hereto, there is no authority including any rule promulgated by the Supreme Court or the Board authorizing a member of the Board to grant a petition by ODC to defer prompt and timely initiation and completion of any informal proceedings including investigation of any grievances/complaints which authority is limited entirely to action by the seven member Board in its discretion for good cause shown pursuant to PA.R.D.E. 211 (a) and Pa. D. B. 87.2 (a).

19. At all material times hereto, there is no authority including any rule promulgated by the Supreme Court or the Board authorizing the ODC defendants to file a purported petition to rescind a prior Board order deferring disciplinary proceedings.

20. At all material times hereto, there is no authority including any rule promulgated by the Supreme Court or the Board authorizing the Board or any member of the Board to rescind a prior order deferring processing of disciplinary complaints involving material allegations substantially similar to material allegations of pending criminal or civil litigation.

21. At all material times hereto, the mandatory duties imposed on defendants' require that at any stage of an investigation involving complaints/grievances including disciplinary complaints against plaintiff and all others similarly situated, disciplinary counsel and respondent attorney shall have the right to summon witnesses before a hearing committee pursuant to Pa. R. D. E. 206 (b) including to conduct investigatory hearings pursuant to Pa. R.D.E. 213 (a)(1), 207 (b) (1) (6), PA. D. B. 87.6, 87.8, 87.9.

22. At all material times hereto, the mandatory duties imposed on defendants at any stage of an investigation involving complaints/grievances including disciplinary complaints against plaintiff and all others similarly situated including before assignment of a matter to a hearing committee or a special master, disciplinary counsel shall have the right to production of records by issuance of subpoenas and respondent attorney shall have the right upon request and payment of appropriate duplicating costs to receive copies of the records produced pursuant to Pa. R. D. E. 213 (a) (2), 207 (b) (1), PA. D. B. 87.6, 87.8, 87.9.

23. At all material times hereto, upon receipt of a request from ODC defendants for assignment of a reviewing hearing committee member to review ODC's defendant's

9

recommended disposition of a complaint, the office of the Secretary of the Board shall assign a reviewing committee member and forward an unspecified file with the recommendation of ODC defendants to the assigned reviewing hearing committee member for confidential action and approval or modification without any standards and/or a specific complete and accurate file identifying the contents of the file and without notice or hearing afforded plaintiff or others similarly situated. Pa. D.B. 87.31.

24.     At all material times hereto, ODC defendants recommended disposition is conclusively deemed approved even if the reviewing hearing committee member fails to timely review and/or modify the recommendation within 10 days after transmission of the unspecified file whether any review has been conducted or not including whether based on an unspecified, inaccurate or an incomplete file and without any standards, notice or hearing afforded plaintiff or others similarly situated. Pa. D. B. 87.32.

25.     At all material times hereto, ODC defendants have the right to pursue an administrative appeal from any recommended disposition directed by a reviewing hearing committee member to a reviewing panel composed of three members of the Board who shall determine disposition thereof. Pa. D.B. 87.33.

26.     At all material times hereto, after informal non-judicial non-prosecutorial administrative proceeding including investigations are concluded and disposed by defendants' recommendation and approval to institute formal proceedings pursuant to their informal non-judicial administrative functions, proceedings and orders, a formal petition for discipline is filed against plaintiff and all others similarly situated which shall be *conclusive* evidence that all conditions precedent thereto including under Chapter 87 relating to investigation and informal proceedings,

orders and disposition thereof have been satisfied. The failure and refusal of defendants to unlawfully, deliberately and wrongfully deny, omit and/or refuse to comply with all the foregoing mandatory disciplinary Enforcement and Board rules including under Chapter 87 including involving all defendants' foregoing informal investigation, orders and disposition proceedings shall not affect the validity of formal disciplinary proceedings pursuant to a petition for discipline against plaintiff and all others similarly situated; and no proceeding or other matters, including federal constitutional issues, challenges or claims involving all defendants' foregoing mandatory final administrative, non-judicial, non-prosecutorial, investigation, informal proceedings, orders and disposition proceedings under Chapter 87 shall be an issue in formal disciplinary proceedings against plaintiff and all others similarly situated and shall not be the subject of any review and/or any adequate timely, fair, just and meaningful judicial review at any time including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all others similarly situated pursuant to Pa. D. B. 89.1 (b), inter alia.

27.     At all material times hereto, all the foregoing mandatory unconstitutional Disciplinary Enforcement Rules and Disciplinary Board Rules imposed on defendants including Pa. D. B. 89.1 (b) clearly and specifically bar and deprive plaintiff and all others similarly situated of their foregoing clearly protected fundamental constitutional and legal, equitable and civil rights to life, liberty, or property and their rights, privileges and immunities without due process of law including but not limited to free speech, right of association, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law,

11

and a speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all others similarly situated.

28.     At all times material hereto, complaints submitted to ODC defendant shall be confidential unless the matter results in the filing of formal charges. After the filing of formal charges all disciplinary proceedings shall be open to the public after the filing of an answer to a petition for discipline or the time has expired without an answer being filed, inter alia. Pa. D. B. 93.101, 93.102.

29.     At all times material hereto, the mandatory powers and duties imposed on the Board, ODC defendants and hearing committees pursuant to all the foregoing disciplinary rules including administering their non-judicial, non-prosecutorial and administrative functions and duties mandate that hearing committees and special masters appointed by the Board involving formal proceedings pursuant to a disciplinary petition shall conduct hearings and issues recommended findings and conclusions limited only to formal charges of misconduct pursuant to the Disciplinary Petition and submit their recommended conclusions and reports limited entirely to formal charges against plaintiff and all others similarly situated as prescribed by Board rules together with a record of the hearing to the Board limited entirely to the formal petition proceedings only which clearly shall not involve any federal constitutional claims, challenges, violations and issues or any judicial review or any adequate, timely, meaningful, just, judicial review including but not limited to constitutional deprivation of the rights of plaintiff and all other similarly situated persons involving informal Chapter 87 proceedings which constitutional

challenges, claims and issues are absolutely bared and prohibited under the foregoing mandatory disciplinary enforcement and Board rules contrary to all plaintiffs and others similarly situated foregoing constitutional rights, privileges and immunities. See e.g. Pa. R. D. E. 208 (c) (d) (1), Pa. D. B. 89.1, 89.161, 89.171, 89.172 (a) (b), 89.173, 93.83 (a) (1) (2), 93.91 (a) (1) (2).

30.     At all times material hereto, the evidence, records or issues regarding defendants' mandatory powers and duties involving their foregoing unconstitutional proceedings, investigation, informal proceedings, orders and disposition proceedings in violation of all the foregoing constitutional rights to life, liberty or property, privileges and immunities guaranteed to plaintiffs and all others similarly situated causing irreparable prejudice to plaintiff and others similarly situated including under Chapter 87 of the Board's rules regulating informal proceedings including investigations and disposition regarding disciplinary complaints against plaintiff and all other similarly situated shall not be an issue or subject to any review whatsoever or any adequate, timely, fair, just and speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal depriving plaintiff and all others similarly situated of all their foregoing fundamental constitutional equitable and civil rights to life, liberty, or property, and their rights, privileges and immunities without due process of law including but not limited to free speech, right of association, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate

injury and damages to plaintiff and all others similarly situated. See e.g. Pa. R. D. E. 208 (c) (d) (1), Pa. D. B. 89.1, 89.161, 89.171, 89.172 (a) (b), 89.173, 93.83 (a) (1) (2), 93.91 (a) (1) (2).

31.   At all times material hereto, the mandatory powers and duties under all the foregoing Disciplinary Enforcement Rules and Disciplinary Board Rules imposed on the Board, ODC defendants and hearing committees including administering their mandatory non-judicial, non-prosecutorial, administrative functions and duties mandate that all proceedings before the Board, ODC defendants and hearing committees shall be governed by the foregoing unconstitutional Board rules including Pa. D. B. 89.1 (b) which clearly and conclusively bar and absolutely prohibit any review and/or judicial review and/or any adequate opportunity to fairly, timely, justly, meaningfully pursue, raise and judicially review the fundamental federal constitutional issues, claims, violations and challenges in the formal disciplinary proceedings against plaintiff and/or all persons similarly situated including any opportunity for any judicial review of constitutional violations and/or, at a minimum, adequate, fair, timely, meaningful judicial review regarding all the disciplinary proceedings against plaintiff or others similarly situated including adequate opportunity to raise fundamental federal constitutional issues, violations, claims and challenges involving all defendants' unconstitutional foregoing mandatory, informal, independent, autonomous, non-judicial, non-prosecutorial proceedings involving defendants' unconstitutional informal proceedings including investigation, recommendations, proceedings, orders and disposition proceedings pursuant to Chapter 87 Board Rules and proceedings involving complaints/grievances which clearly deprive plaintiff and all others similarly situated of all their foregoing fundamental constitutional rights including life, liberty or property, rights, privileges and immunities, free speech, redress of grievances, reputation, freedom of association, right to confidentiality, substantive and procedural due process and equal protection

14

of the law, and a speedy fair and impartial trial including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all other similarly situated.

32.     At all material times hereto, unknown to plaintiff apparently in 2011 stale, unspecified alleged frivolous and bad faith written complaints against plaintiff were filed with ODC defendants identified as complaint (C1-11-848 and C1-11-611) by unknown complainants apparently based on alleged unidentified extensive "boxes of records" and/or subpoenaed by ODC during the informal proceedings including investigation purportedly involving plaintiff's alleged false or reckless accusations involving alleged failure to avoid administrative misconduct and/or the appearance of administrative misconduct against Workers' Compensation Judges, Patricia Bachman and Joseph Hagan, pursuant to the Workers' Compensation Act, 77 P.S. Section 1 et. seq. 2504 including ex-parte contacts in connection with voluminous, protracted, complex and convoluted judicial and Workers' Compensation proceedings commenced on or about 1981 and extending over decades involving administrative recusal proceedings and extraordinary judicial proceedings against the foregoing Workers' Compensation judges involving administrative compensation proceedings captioned: Wilson v. Honeywell Bureau Claim No. 324093, inter alia.

33.     At all material times hereto, after approximately 14 months following the foregoing complaints against plaintiff, on or around August 2012 Disciplinary Counsel sent an unconstitutional, unfair, untimely, unjust and inadequate, vague and conclusory purported DB-7 notices to respondent regarding the foregoing disciplinary complaints which unconstitutionally,

15

deliberately and wrongfully delayed prompt, fair, just, meaningful and timely investigation and disposition of the foregoing disciplinary complaints/grievances concerning the alleged vague and conclusory nature of the complaint involving unspecified alleged accusations of misconduct and/or the appearance of misconduct in Workers' Compensation proceedings involving the foregoing Workers' Compensation judges to which plaintiff filed timely objections and responses including demands for all of the information and records and identity and address of complainant and a copy of the complaint, inter alia, regarding the alleged disciplinary complaints as mandated under the foregoing constitutional provisions and disciplinary rules which defendants' refuse to identity or produce during the last approximate six years without any reason, justification or excuse and clearly contrary to the plaintiff's foregoing fundamental constitutional legal, equitable and civil rights including rights to life, liberty or property, privileges and immunities guaranteed under the 14th Amendment to the United States Constitution and decisions, disciplinary rules including but not limited to Pa. D. B. 87.1 (a) (b), 87.2 , 87.7 (b) (1) (2).

34.    At all material times hereto, ODC unconstitutionally, unfairly, unjustly, wrongfully, deliberately and repeatedly refused to provide the identity and address of the complainant together with the specific nature of the alleged grievance including the identity of the complainant and complainant's address and true and correct copies of the complaint and all the purported unspecified specific "boxes of records" referenced, relied upon and subpoenaed by ODC without notice or knowledge to plaintiff despite plaintiff's repeated demands to provide all the copies regarding all the foregoing information and records at plaintiff's reasonable duplicating costs clearly contrary to plaintiff's foregoing constitutional rights including Disciplinary Rules including Pa. D. B. 87.1 (b), 87.7 (a) (b) (1), inter alia.

35. At all material times hereto, since the inception/notification to plaintiff involving the alleged unspecified disciplinary complaints against plaintiff purportedly involving alleged attorney misconduct occurring at unspecified time and manner, more than 7 years ago, plaintiff has continuously demanded from disciplinary counsel including predecessor disciplinary counsel the identity and address of the complainant and the specific nature, identity, access and production of all the foregoing information and records including the unidentified "boxes of records" referenced by disciplinary counsel upon which the foregoing disciplinary complaints against plaintiff are allegedly based at plaintiff's reasonable duplicating cost including in order that plaintiff have the opportunity to fairly, justly, properly and timely investigate, prepare, respond, defend and/or mitigate the disciplinary proceedings and respond to O.D.C.'s foregoing unconstitutional and inadequate notices and proceedings as mandated pursuant to the foregoing disciplinary rules which defendants' wrongfully, deliberately and repeatedly withheld and refused to identify and produce all the foregoing information and records causing continuing actual irreparable prejudice to plaintiff. See, Pa. R. D. E. 213 (a) (1) (2), Pa. D. B. 87.1 (b), 87.7 (b) (1), inter alia.

36. At all material time hereto, approximately 30 months after the captioned matter had apparently been commenced in 2011, on or around May 20, 2013 in District 2 and/or transferred to District 2 predecessor disciplinary counsel unconstitutionally, wrongfully and deliberately refused to timely, fairly, justly, properly and promptly complete the disciplinary investigation involving the foregoing disciplinary complaints against plaintiff and/or unconstitutionally, wrongfully and deliberately refused to timely, fairly, justly, properly and promptly recommend disposition and/or refer the recommended disposition involving the foregoing disciplinary complaints to the Board for timely, proper, meaningful and just

17

assignment to a senior/experienced hearing committee member to approve or modify O.D.C.'s recommended disposition.

37.     At all times material hereto, ODC defendants decided to unconstitutionally, improperly, unfairly, unjustly, unreasonably, inequitably file an unauthorized petition to delay and defer the disciplinary proceedings without any power, authority or jurisdiction and clearly contrary to Pa. R. D. E. 211 and Pa. D. B. 87.72 over plaintiff's repeated multiple objections and answers and request for oral argument filed on or around June 1, 2013 which clearly deprive plaintiff and all others similarly situated of all their foregoing fundamental constitutional rights including life, liberty or property, rights, privileges and immunities, free speech, redress of grievances, reputation, freedom of association, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all other similarly situated. Pa. R. D. E. 205 (c) (1), (2), 207 (b), 211, Pa. D. B. 87.72 (a) (b).

38.     At all material times hereto, on or about August 1, 2013 apparently a designated hearing committee member whose signature is illegible, not the seven member Board or even Chair or Vice Chair of the Board, unconstitutionally, unfairly, unjustly, untimely and improperly denied respondent's request for oral argument and granted disciplinary counsel's unconstitutional, unfair, unjust, improper and untimely petition to delay and defer informal disciplinary complaint and proceedings against plaintiff pending the final judgment in the foregoing Workers' Compensation proceedings at No. A11-0879 which clearly deprive plaintiff and all others

similarly situated of all their foregoing fundamental constitutional rights including life, liberty or property, rights, privileges and immunities, free speech, redress of grievances, reputation, freedom of association, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing continuing irreparable and immediate injury and damages to plaintiff and all other similarly situated persons. Pa. R. D. E. 205 (b) (c) (1), (2), 211 (a), Pa. D. B. 87.72 (a) (b). Attached hereto is a true and correct copy of the foregoing order as Ex. 1.

39.     At all material times hereto, the foregoing disciplinary rules including specifically Pa. R.D.E. 211 and Pa. D.B. 87.72 expressly prohibit any unconstitutional, improper, untimely, unjust and unfair delay and deferral by any designated hearing committee member who does not constitute the full seven member Board based on ODC's unconstitutional, unjust, untimely, unfair and improper petition to delay and defer the disciplinary proceedings against plaintiff causing continuing actual irreparable prejudice to the plaintiff and others similarly situated in violation of respondent's foregoing fundamental federal constitutional rights, privileges and immunities including but not limited to Pa. R. D. E. 205 (c) (1), (2), 211, Pa. D. B. 87.72.

40.     At all material times hereto, on or about August 1, 2016 current disciplinary counsel District 1 unconstitutionally, wrongfully, improperly, inequitably, unfairly, untimely and unjustly changed its prior position regarding deferral of the disciplinary complaints against plaintiff until final disposition of the pending administrative proceedings involving Anne Wilson, deceased, and unconstitutionally, wrongfully, unjustly and improperly filed a purported

unauthorized petition to rescind the Board's foregoing order deferring the disciplinary

complaints against plaintiff contrary to plaintiff's and similarly situated persons' foregoing

fundamental constitutional, rights, privileges and immunities including Pa. R. D. E. 211 (a) and

Pa. D. B. R. 87.72 (a) (b) based on the interlocutory, void and unappealable decision by the

Workers' Compensation Appeal Board in the foregoing consolidated appeals including No.

A11-0879 involving only a dead person/party, Anne Wilson, contrary to plaintiff's and all others

similarly situated persons foregoing constitutional rights and disciplinary rules and prior Board

order dated 8/2/2013.

41.     At all material times hereto, on or about August 12, 2016 respondent filed a timely

objection to disciplinary counsel's purported motion to rescind their prior request to defer

contrary to plaintiff's foregoing constitutional, legal, equitable and rule provisions and requested

oral argument because the foregoing Workers' Compensation decision by the board is clearly

interlocutory, unappealable , unresolved and void involving the deceased party, Anne

Wilson/James Wilson, and clearly there is no currently aggrieved party and in order to prevent

continuing irreparable prejudice to plaintiff and others similarly situated as a result of the

Board's inconsistent and contradictory unconstitutional, unauthorized wrongful proceedings,

decisions and orders involving the Board's prior decision to defer the matter until all pending

compensation proceedings including appeals were finally concluded which has not yet occurred!

42.     On or about August 16, 2016 the Board Chair, not the seven member Board,

unconstitutionally, untimely, unjustly, unfairly and improperly denied plaintiff's request for oral

argument and granted disciplinary counsel's purported motion to rescind without power,

authority or jurisdiction on the basis of the Workers' Compensation Appeal Board's

interlocutory, void and unappealable decision in the foregoing appeal contrary to the Board's

prior deferral order causing continuing irreparable prejudice to plaintiff contrary to plaintiff's and all others similarly situated persons' foregoing constitutional rights and continuously and effectively co-mingles defendants' prosecutorial and adjudicative functions depriving plaintiff and all others similarly situated of their foregoing fundamental constitutional rights including without the necessary seven member Board quorum contrary to plaintiff's foregoing constitutional rights and disciplinary rules including 205 (b) (c) (1), 211 (a) and Board Rule 87.72, 93.21, 93.22 and 93.23. A true and correct copy of said order is attached hereto as Exhibit 2.

43. At all material times hereto, as a result of defendants' unconstitutional, willful continuous violation of all plaintiff's and all other similarly situated persons' foregoing constitutional rights by defendants throughout the non-judicial, non-prosecutorial, sui generis, administrative informal disciplinary investigation and disposition proceedings including defendants' unconstitutional violation of all the foregoing Disciplinary Enforcement Rules, Board Rules and foregoing orders including unconstitutionally, unjustly, unfairly, willfully and deliberately refusing to timely and specifically and adequately notify plaintiff of the specific nature of the alleged grievances and provide all of the subpoenaed records, information, complaint, identity and address of complainant , promptly initiating and completing investigation, delaying, deferring and rescinding and refusing to timely and properly complete the investigation and dispose the investigation, identify and provide to plaintiff all the extensive critical, complete, accurate, original, certified records and evidence subpoenaed by defendants involved in the foregoing proceedings, plaintiff has been unable and denied the opportunity to timely, justly, fairly, meaningfully and properly investigate and prepare an answer, defense, review and/or mitigate the disciplinary complaints, petition and proceedings as a result of the delay, loss,

destruction, missing and unavailability of all the information, records, evidence and witnesses including but not limited to the death of Ann Wilson, Andrew Touchstone and/or other deceased or missing records, evidence and witnesses as yet unknown in violation of all plaintiff's and other similarly situated persons' foregoing fundamental constitutional rights, privileges and immunities causing actual irreparable prejudice to them in violation of their foregoing fundamental constitutional rights, privileges and immunities.

44.     At all material times hereto, plaintiff submits that defendants' unconstitutional, willful and deliberate refusal to comply with all their foregoing mandatory powers and duties imposed on defendants pursuant to Disciplinary Enforcement and Board Rules regarding the foregoing non-judicial, non-prosecutorial, sui generis, administrative proceedings including disciplinary complaints and proceedings against plaintiff including defendants' refusal and denial to assign the matter to a hearing committee to conduct investigative hearings pursuant to its mandatory powers and duties and/or to review through a designated panel of three members and approve or modify a determination by a reviewing hearing committee member that a matter should be concluded by the institution of formal charges before a hearing committee pursuant to its mandatory powers and duties pursuant to Pa. R. D. E. 205 (c) (5) (8) (16), 206 (b) (1), 213 (a), Pa. D. B. 93.23 (a) (5) (8) (16), 93.83 (a) (1) (2), 93.91 clearly violates all plaintiff's and other similarly situated persons' clearly protected foregoing fundamental constitutional and legal, equitable and civil rights, privileges and immunities including but not limited to free speech, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial including evidentiary hearing by a competent judicial tribunal and an adequate opportunity for judicial review guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution

and applicable federal law including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing injury and damages to plaintiff and all other similarly situated.

45.	At all times material hereto, the disciplinary complaints and proceedings purportedly involving plaintiff's alleged unethical violations during extended Workers' Compensation proceedings occurred more than seven years prior to the apparent disciplinary petition filed against plaintiff in the end of December 2016 and approximately six years after the institution of disciplinary complaints which were unconstitutionally, willfully, wrongfully delayed, deferred, rescinded and not promptly completed and disposed in violation of plaintiff's foregoing fundamental constitutional rights and are frivolous, harassing and filed in bad faith and clearly contrary to final prior specific appellate decisions by the Commonwealth Court involving original petitions for extraordinary writs regarding the disciplinary complaints and proceedings concerning the same allegations involving alleged administrative misconduct and/or the appearance of misconduct involving W.C.J. Bachman and W.C.J. Hagan in the foregoing Workers' Compensation proceedings Bureau Claim No. 324093 which is the subject of the foregoing disciplinary complaints and proceedings against plaintiff captioned: In the Commonwealth Court of Pennsylvania, Anne Wilson, Petitioner vs. W.C.J. Hagan, et al., 935 MD 2010 and In the Commonwealth Court of Pennsylvania, Anne Wilson v. W.C.J. Bachman, et al No. 385 MD 2010, inter alia.

46.	At all material times hereto, the disciplinary complaints and proceedings against plaintiff purportedly based on alleged false or reckless allegations of administrative misconduct or the appearance of administrative misconduct by plaintiff involving W.C.J. Bachman and W.C.J. Hagan in the foregoing Workers' Compensation proceedings involving W.C.J. Hagan's 5/4/11 adjudication at Bureau Claim No. 324093 are the subject of the same allegations involving the

23

Commonwealth Court's foregoing prior decisions. The Commonwealth Court specifically denied W.C.J. Bachman's and W.C.J. Hagan's preliminary objections and motions for sanctions alleging that plaintiff's allegations regarding their alleged administrative misconduct and/or the appearance of their alleged administrative misconduct lacked any factual or legal merit i.e. were falsely or recklessly made.

47.    At all material times hereto the foregoing final decisions by the Commonwealth Court clearly and conclusively demonstrate that the allegations involving the disciplinary complaints and disciplinary petition concerning alleged administrative misconduct and/or the appearance of administrative misconduct by W.C.J. Hagan and W. C.J. Bachman in the Workers' Compensation proceedings at Bureau Claim No. 324093 were clearly not falsely or recklessly made! The disciplinary complaint and disciplinary petition against plaintiff are clearly filed, pursued, delayed, deferred, rescinded and reinstated through defendants' in utter bad faith, frivolous and in order to harass and clearly deprive plaintiff of his foregoing fundamental constitutional rights to life, liberty or property, privileges and immunities and clearly contrary to the foregoing final Commonwealth Court decisions specifically deciding that plaintiff's allegations regarding alleged administrative misconduct and/or the appearance of administrative misconduct during the foregoing Workers' Compensation proceedings involving the foregoing administrative judges were not false or recklessly made.

48.    At all material times hereto, the Commonwealth Court, per Judge Feudale, after oral argument and consideration of briefs and all the foregoing complex proceedings including interlocutory proceedings specifically overruled W.C.J. Bachman's preliminary objections including in the nature of a demurrer on the basis that respondent's allegations concerning W.C.J. Bachman's alleged administrative misconduct and/or the appearance thereof in the

foregoing Workers' Compensation proceedings Bureau Claim No. 324093 which are the basis of the captioned proceedings against respondent before the Disciplinary Board did not lack any factual or legal merit!

49.  At all material times hereto, the Commonwealth Court ordered W.C.J. Bachman to file an answer to the allegations involving her alleged administrative misconduct or appearance of administrative misconduct in the foregoing Workers' Compensation proceedings which were the subject of the foregoing petition for extraordinary writs and involve the same allegations which are subject of the disciplinary complaint and disciplinary petition against respondent. A true and correct copy of the pertinent provisions of the foregoing order at No. 385 MD 2010 entered August 4, 2010 together with portions of the record confirming the foregoing are attached hereto as Exhibit 3.

50.  At all material times hereto, W.C.J. Bachman filed a purported answer on September 9, 2010 to which respondent filed preliminary objections based on W.C.J. Bachman's failure to file a timely, proper and sufficient answer together with a necessary verification contrary to the Commonwealth Court's foregoing order entered August 4, 2010 and applicable law which the Court scheduled for oral argument on or about November 4, 2010.

51.  At all material times hereto, W.C.J. Bachman subsequently filed a motion to dismiss the matter as moot over Wilson's objections based on her recusal from the administrative proceedings which was granted because petitioner's relief seeking her recusal from the administrative proceedings involving her alleged administrative misconduct and/or the appearance of misconduct was granted and the foregoing oral argument on petitioner's preliminary objections were cancelled and the matter was dismissed as moot.

52.    At all material times hereto, in the Commonwealth Court proceeding at No. 935 MD 2010, plaintiff sought extraordinary relief based on the same allegations involving W.C.J. Hagan's alleged administrative misconduct and/or the appearance thereof in the foregoing Worker's Compensation proceedings Bureau Claim No. 324093 which are the same allegations which form the basis of the disciplinary complaint and disciplinary petition against plaintiff.

53.    At all material times hereto, W.C.J. Hagan's preliminary objections in the nature of a demurrer on the basis that plaintiff's foregoing allegations of administrative misconduct and/or the appearance of administrative misconduct in the foregoing administrative proceedings Bureau Claim No. 324093 lacked any factual or legal merit were overruled and accordingly were not frivolous, falsely or recklessly made, inter alia.

54.    At all material times hereto, subsequently W.C.J. Hagan filed a motion to dismiss the matter as moot based on W.C.J. Hagan's May 4, 2011 administrative adjudication while the matter was pending in the Commonwealth Court.

55.    At all material times hereto, W.C.J. Hagan, et al also filed a motion for sanctions in the Commonwealth Court pursuant to applicable statutory law and rules including 42 Pa. C.S.A. Section 2503 on the basis that plaintiff's allegations regarding W.C.J. Hagan's alleged administrative misconduct and/or the appearance of administrative misconduct were dilatory, obdurate, vexatious, arbitrary and filed in bad faith lacking any factual or legal merit. A true and correct copy of the foregoing application for sanctions is attached hereto as Exhibit 4.

56.    At all material times hereto, after oral argument and consideration of all the foregoing proceedings at No. 935 MD 2010 the Commonwealth Court entered a final order on June 14, 2011 granting W.C.J. Hagan's, et al motion to dismiss plaintiff's amended petition for review as moot based on W.C.J. Hagan's 5/4/2011 administrative adjudication, inter alia.

26

57.    At all material times hereto, pursuant to the Court's foregoing order entered June 14, 2011 the Commonwealth Court entered a final order specifically denying W.C.J. Hagan's, et al application for relief including sanctions including in the nature of a motion to assess cost and counsel fees on the basis that plaintiff's allegations regarding W.C.J. Hagan's alleged misconduct and/or the appearance of alleged administrative misconduct in the foregoing Workers' Compensation proceedings Bureau Claim No. 324093 which are the same allegations forming the basis of the non-judicial, sui generis administrative disciplinary complaint and disciplinary petition against plaintiff were not dilatory, obdurate, vexatious, arbitrary and filed in bad faith lacking any factual or legal merit and therefore were not false or recklessly made.

58.    At all times material hereto, the foregoing decisions by the Commonwealth Court clearly demonstrate that the allegations involved in the disciplinary complaint and disciplinary petition proceedings concerning alleged administrative misconduct and/or the appearance of alleged administrative misconduct by W. C. J. Bachman and W.C.J. Hagan in the Workers' Compensation proceedings at Bureau Claim No. 324093 are the same bad faith, harassing and frivolous allegations in the disciplinary complaints and disciplinary petition proceedings which allegations involving the foregoing Workers' Compensation judges' alleged administrative misconduct and/or appearance of administrative misconduct which were clearly not frivolous, falsely or recklessly made! A true and correct copy of the foregoing Commonwealth Court order entered June 14, 2011 at No. 935 MD 2010 together with portions of the record confirming the foregoing together with ODC defendants' recent communication improperly accusing plaintiff of "multiple false assertions" confirming their improper pre-judgment regarding plaintiff's conduct contrary to their foregoing mandatory duties and obligations under the rules are attached hereto as Exhibit 5.

59.     Plaintiff respectfully requests this Honorable Court seal the captioned matter and
proceedings to prevent irreparable continuing injury and damages to plaintiff's reputation which
will result from the loss of confidentiality within 20 days after defendants' service of an apparent
pending bad faith, frivolous disciplinary petition without any factual or legal merit or hope of
success against plaintiff involving the foregoing administrative Workers' Compensation
proceedings in violation of all plaintiff's and others similarly situated foregoing fundamental
constitutional rights, privileges and immunities.

60.     At all material times hereto, defendants' have continuously denied  plaintiff his foregoing
fundamental clearly protected constitutional right to equal protection of the law pursuant to the
14th Amendment to the United States Constitution  including but not limited to defendants'
continuous refusal to provide and afford plaintiff all the foregoing proceedings mandated under
the Pennsylvania Rules of Disciplinary Enforcement and or Board Rules including timely and
adequate notice of alleged disciplinary complaints and records, assignment of investigatory
hearings prior to the institution of formal proceedings, review through a designated panel of
three members approval or modification of a determination by a reviewing hearing committee
member that a matter should be concluded by institution of formal charges, disposition of all
proceedings including Chapter 87 proceedings pursuant to lawful orders by the seven member
Board including involving oral argument directly and proximately causing continuing irreparable
and immediate injury and damages to plaintiff and all other similarly situated persons.

61.     At all times material hereto, plaintiff respectfully submits that the foregoing allegations
demonstrate plaintiff has a reasonable probability of success on the merits and a temporary
restraining order and/or a preliminary injunction will benefit the public and defendant will
sustain no prejudice however plaintiff will sustain continuing irreparable prejudice if the Court

28

denies plaintiff's request for a temporary restraining order and/or denies plaintiff's request for preliminary injunction pending final disposition of the captioned matter.

62.    Plaintiff has never been properly personally served with any apparent disciplinary petition as mandated under applicable Pennsylvania Rules of Disciplinary Enforcement and Board Rules and has objected to any purported substituted service contrary thereto.

63.    Plaintiff respectfully requests this Honorable Court grant a temporary restraining order and/or a preliminary and/ or permanent injunction against defendants' unconstitutional foregoing Disciplinary Enforcement and Board Rules, informal and formal, non-judicial, administrative disciplinary complaints, investigations, disposition and disciplinary petition including service of the petition on plaintiff and disposition and assignment of the disciplinary petition to a hearing committee to conduct hearings and proceedings and issue a report, findings and conclusions, inter alia, constituting facial and/or as applied violations of their clearly protected fundamental constitutional and legal, equitable and civil rights, privileges and immunities including but not limited to free speech, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing imminent and irreparable injury and damages to plaintiff and all others similarly situated and/or such other orders that are warranted in the interest of justice.

**WHEREFORE**, plaintiff, individually and in his own behalf and in behalf of all other similarly situated persons demands judgment against the defendants' and each of them including nominal, compensatory and punitive damages including declaratory relief and/or temporary

29

restraining order and/or preliminary and/or permanent injunctive relief to prevent defendants'
continuous ongoing deprivation of the foregoing fundamental constitutional rights to life, liberty
or property, rights and immunities guaranteed to plaintiff and all others similarly situated persons
pursuant to the First, Fifth, Sixth and Fourteenth Amendments to the United States Constitution,
42 U.S.C.A. 1983, et. seq., 28 U.S.C. A. 2201et. seq. and applicable law and decisions to prevent
continuing imminent irreparable actual injury and damages to plaintiff and all other persons
similarly situated directly and proximately caused by defendants' continuing facially and as
applied unconstitutional Disciplinary Enforcement Rules and Board Rules, non-judicial, non-
prosecutorial, administrative informal disciplinary complaints, proceedings and disposition
thereof against plaintiff and non-judicial administrative formal disciplinary petitions and
proceedings against plaintiff and all others similarly situated persons causing continuing
irreparable injury, damages and prejudice to plaintiff and all others similarly situated persons
resulting from defendants' facial and/or as applied violation of all their foregoing fundamental
constitutional, legal and equitable rights to life, liberty or property, rights, privileges and
immunities guaranteed under the United States Constitution 14th Amendment and applicable law.
Plaintiff further demands judgment against defendants including declaratory and temporary
restraining order, preliminary injunctive relief against defendants' including but not limited that
defendant' foregoing mandatory Disciplinary Enforcement Rules and Disciplinary Board Rules
are clearly, facially and as applied constitute an ongoing violation of plaintiff and all other
similarly situated persons' foregoing fundamental constitutional rights to life, liberty or property,
privileges and immunities guaranteed under the First, Fifth, Sixth and Fourteenth Amendments
to the United States Constitution, 42 U.S.C.A. 1983, et. seq., 28 U.S.C. A. 2201et. seq. Plaintiff
further demands judgment against defendants including declaratory and temporary restraining

30

order, preliminary and permanent injunctive relief against defendants to including preliminarily and/or finally enjoining and prohibiting defendants from serving the disciplinary petition on plaintiff, assignment to a hearing committee of the disciplinary petition against plaintiff and conducting hearings and proceedings, reports, findings and conclusions by any hearing committee and/or the Board and/or enforcing any disciplinary proceedings, complaint and/or disciplinary petition involving the disciplinary complaint and petition constituting facial and/or as applied violations of their clearly protected fundamental constitutional and legal, equitable and civil rights to life, liberty or property, privileges and immunities including but not limited to free speech, redress of grievances, reputation, right to confidentiality, substantive and procedural due process and equal protection of the law, and a speedy fair and impartial trial and judicial review including evidentiary hearing by a competent judicial tribunal guaranteed under the 1st, 5th, 6th and 14th Amendments to the United States Constitution and applicable federal law and decisions including but not limited to 28 U.S.C.A. 2201, 42 U.S.C.A. 1983 directly and proximately causing irreparable injury and damages to plaintiff and all others similarly situated and/or enter such other orders that are warranted in the interest of justice.

BY: _____
Robert J. Murphy, Esquire
Plaintiff/Pro Se

# EXHIBIT 1

## BEFORE THE DISCIPLINARY BOARD OF THE
## SUPREME COURT OF PENNSYLVANIA

OFFICE OF DISCIPLINARY COUNSEL,        :    File Nos. C1-11-848 & C1-12-611
                                Petitioner :
                                           :
                    v.                     :    Attorney Registration No. 15555
                                           :
ROBERT J. MURPHY,                          :
                                Respondent :    (Philadelphia)

## ORDER

AND NOW, this 1st day of August, 2013, upon consideration of the Petition to Defer Disciplinary Proceedings filed by Petitioner pursuant to 211(a), Pa.R.D.E., it is

ORDERED that Respondent's request for oral argument is denied and the Petition to Defer Disciplinary Proceedings is granted. Good cause exists to defer the proceedings because the material allegations of the disciplinary complaint against Respondent substantially overlap with the facts and issues involved in a matter currently pending before the Workers' Compensation Appeal Board, the outcome of which may be useful to the parties herein. The instant disciplinary proceedings shall be deferred pending the decision of the Workers' Compensation Appeal Board in the matter captioned *Wilson v. Honeywell, Inc. (formerly Allied Signal), Travelers Insurance Company, Commonwealth of Pennsylvania Department of Labor and Industry,* Bureau Claim No. 3240923, Case No. A11-0879, and the deferment shall continue to the conclusion of any subsequent appeal of that decision to an appellate court of this Commonwealth.

Pursuant to 211(b), Pa.R.D.E., this Order does not provide for abatement of the disciplinary action.

BY THE BOARD:

Designated Board Member

TRUE COPY FROM RECORD
Attest:

Elaine M. Bixler, Secretary
The Disciplinary Board of the
Supreme Court of Pennsylvania

# EXHIBIT 2

**BEFORE THE DISCIPLINARY BOARD OF THE**
**SUPREME COURT OF PENNSYLVANIA**

OFFICE OF DISCIPLINARY COUNSEL :    File Nos. C1-11-848 & C1-11-611
                Petitioner    :
                                     :
        v.                           :
                                     :    Attorney Registration No. 15555
                                     :
ROBERT J. MURPHY                 :
               Respondent  :    (Philadelphia)

## O R D E R

        AND NOW this /6 day of August, 2016, upon consideration of the Office of
Disciplinary Counsel's July 29, 2016 Motion to Rescind Order Deferring Disciplinary Proceedings,
Respondent's August 12, 2016 Response and Objections and his request for oral argument, it is

        ORDERED that Respondent's request for oral argument is denied, and Office of
Disciplinary Counsel's Motion to Rescind is granted. The original purpose of the Board's August 1,
2013 Deferment Order was to defer any disciplinary proceedings until the outcome of a decision that
the Parties agreed might be useful to any disciplinary proceedings. Now that the Workers'
Compensation Appeal Board has issued its decision in the matter captioned *Wilson v. Honeywell,
Inc.*, 2015 WL 5103497, Respondent has not shown good cause for continuing the August 1, 2013
deferment.

                                      BY THE BOARD:

                                      Jane G. Penny, Esq.
                                      Board Chair

TRUE COPY FROM RECORD
Attest:

Marcee D. Sloan
Asst. Secretary of the Board
The Disciplinary Board of the
Supreme Court of Pennsylvania

# EXHIBIT 3

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anne Wilson,  :
                    Petitioner
                              :

        v.                    :

Honorable Patricia M. Bachman
and Honeywell, Inc. and Travelers  :
Casualty and Surety Company,
                    Respondents :        No. 385 M.D. 2010

## O R D E R

NOW, August 3, 2010, after oral argument on respondents' preliminary objections to petitioner's petition for review,[1] the preliminary objections are sustained in part and overruled in part. The preliminary objections are sustained to the extent petitioner seeks mandamus relief from a discretionary duty. See U.S. Steel Corp. v. Papadakos, 437 A.2d 1044 (Pa. Cmwlth. 1981). The preliminary objections are overruled to the extent petitioner seeks relief in the nature of prohibition.[2] Respondents shall file an

---

[1] The complete title of petitioner's petition for review is "petition for review in the nature of prohibition/mandamus/equity and special/summary relief pursuant to the U.S. Constitution 14th Amendment, Pennsylvania Constitution Article 1 Sec. 1, Administrative Agency Law [2 Pa. C.S.] Sec. 504, The Judicial Code 42 [Pa. C.S.] Sec. 761(a), 761(c), Code of Judicial Conduct including Canons 2, 3A.(1), 4, B.(1)(2), C.(1)(a)(c)(d)(iii)(iv) "Compliance with the Code of Judicial Conduct", Workers' Compensation Act 77 P.S. sec. 1 et. seq. including Sec. 836, 2504(a)(1)(2)(3)(5)(6)(7)(13), Administrative Regulations including 34 Pa. Code Chapter 131.1(a), 131.24(b), Pa. R.A.P. 1512(c), 1513, 1532 and Applicable Law and Decision and for Emergency Stay Pending Final Decision of the Within Petition."

[2] At this time, the court cannot say with certainty that petitioner has failed to state a claim for prohibition. We understand petitioner's argument to be that where a workers' compensation judge's (WCJ) impartiality has been called into question, no adequate remedy is available. While we agree with respondents that petitioner's allegations are less than clear, respondents did not object to the petition for review under Pa. R.C.P. No. 1028(a)(3) (legal specificity in a pleading). Rather, respondents' preliminary objections alleged petitioner failed to state a cause of action in mandamus; failed to state a claim where the applicable regulations grant a WCJ

answer to the petition for review within 30 days of the exit date of this order. Respondents shall answer those averments of the petition for review setting forth a cause of action for prohibition.

Barry F. Feudale, Senior Judge

Certified from the Record
AUG 0 4 2010
And Order Exit

---

authority to entertain a motion for recusal; failed to state a claim where an adequate remedy at law exists; and failed to state a claim where the matter is moot. Thus, we are constrained to overrule respondents' preliminary objections to petitioner's claim for prohibition. Moreover, this matter is capable of repetition yet evading review, thus, we decline to dismiss the petition for review as moot.

COMMONWEALTH OF PENNSYLVANIA

DEPARTMENT OF LABOR AND INDUSTRY

Bureau of Workers' Compensation

- - - - - - - - - - - - - - x
                        :
In the Matter of:          :
James Wilson, deceased,  :
Anne Wilson, dependent,  :
          Claimant    :   Suspend/Modify/Penalty
                        :   Claim #3240923
                        :
    vs.               :
                        :
Honeywell, Inc.,        :
          Defendant  :
                        :
- - - - - - - - - - - - - - x
Pages 1 through 37      Grant Plaza Business Park
                     2901 Grant Avenue, Suite 900
                     Courtroom D
                     Philadelphia, Pennsylvania

                     Thursday, February 18, 2010

           Met, pursuant to notice, at 9:29 a.m.

BEFORE:

          PATRICIA M. BACHMAN, Judge

APPEARANCES:

          ROBERT J. MURPHY, Esquire
          2341 Pennsylvania Avenue
          Philadelphia, Pennsylvania 19130
             (For the Claimant)

          NEIL T. DOMBROWSKI, Esquire
          161 W. Lancaster Avenue
          Paoli, Pennsylvania 19301
             (For the Defendant)

                ***

**Commonwealth Reporting Company, Inc.**
700 Lisburn Road
Camp Hill, Pennsylvania 17011

26

proceedings, respectfully.

MR. DOMBROWSKI: Your Honor, we'll be asking you to draw an adverse inference that had these materials been provided by claimant, they would have been contrary to his position. Your Honor, we had telephonic communication with your chambers in recent time with your Administrative Assistant, Lana.

She advised us the following: one, that Your Honor has directed claimant and claimant's counsel to abide by Your Honor's interlocutory order. In addition, it was also represented to us that Lana made contact with claimant's counsel's office with respect to these matters as well.

In addition, with respect to claimant's counsel noticing the deposition of the claimant, we received telephonic communication from your chambers that Your Honor had sustained employer's objection to the taking of that deposition.

In addition, we received telephonic communication from Your Honor's chambers indicating that you had ruled that claimant's subpoena request to compel the testimony of Attorney DiLiberto, Attorney Weimer, Attorney Touchstone, and Attorney Ribble, that you have ruled against and denied those requests of counsel.

Your Honor, I advised you today with respect

# EXHIBIT  4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

ANNE WILSON,                               :
                    Petitioner             :
                                           :
              v.                           :      No. 935 MD 2010
THE HONORABLE SANDI VITO,                  :
SECRETARY OF THE DEPARTMENT                :
OF LABOR AND INDUSTRY                      :
        &                                  :
HONEYWELL, INC.                            :
        &                                  :
TRAVELERS INSURANCE CO.,                   :
                    Respondents            :

## Application for Relief in the Nature of a Motion to Assess Costs and Fees under 42 Pa.C.S. § 2503

AND NOW comes Respondents, the Honorable Sandi Vito, Secretary of the Department of Labor and Industry (Department), and Joseph Hagan, Workers' Compensation Judge of the Department, (the Commonwealth Defendants) by and through counsel, and file the following Application for Relief seeking an assessment of costs and fees under 42 Pa.C.S. § 2503, for the reasons set forth below:

1.    Petitioner, the personal representative of a workers' compensation claimant, filed the instant petition for review asking that this Honorable Court enjoin the Department and various officials and employees from, *inter alia*,

Received in Supreme Court

JAN 2 0 2011

Middle

hearing the Workers' Compensation matter currently docketed with the Department at claim number 3240923.

2.     Plaintiff's Complaint, attached as Exhibit A, while consisting of 50 numbered paragraphs, does not assert or identify any specific cause of action against the respondents.

3.     Plaintiff previously filed similar actions regarding this workers' compensation matter against the Department and others in various forums, including this Court, the Pennsylvania Supreme Court, and the Court of Common Pleas of Montgomery County, and has a various times sought "emergency relief" in those forums.

4.     This Honorable Court, at Docket Number 385 MD 2010, previously addressed Plaintiff's attempt to enjoin a different WCJ (WCJ Patricia Bachman) of the Department from hearing this underlying workers' compensation dispute. Therein, Plaintiff raised arguments and assertions markedly similar to those raised in this Complaint.

5.     By order dated October 26, 2010, this Court dismissed the prior Complaint, and held that the matter was moot in light of WCJ Bachman's decision to recuse herself. Petitioner has appealed that matter to the Supreme

Court where it remains pending at docket number 70 MAP 2010, despite WCJ Bachman's recusal.

6. On June 11, 2010, at docket number 84 EM 2010, Plaintiff requested that the Supreme Court exercise Extraordinary Jurisdiction to preclude WCJ Bachman from hearing this dispute.

7. On September 24, 2010, the Supreme Court denied Plaintiff's Petition for Extraordinary Relief.

8. Plaintiff has filed an action seeking effectively identical relief against WCJ Hagan in the Court of Common Pleas of Montgomery County. By way of order dated November 12, 2010, the Montgomery County Court of Common Pleas ruled that Judge Hagan had jurisdiction over the subrogation dispute (Ex. B).

9. In each action set forth above, Plaintiff has acted to prevent Judges of the Unified Judicial System, as well as Workers' Compensation Judges, from ruling on matters properly before them.

10. By filing the aforementioned myriad actions in various forums, Plaintiff has not permitted a single tribunal to finally decide any of the actions that Plaintiff has filed.

11. In each action identified above, Plaintiff has named a Workers' Compensation Judge of the Department as a party defendant, and has subsequently asserted that such action renders those named Workers' Compensation Judges incapable of deciding matters validly assigned to them.

12. Plaintiff has no legitimate reason to file this action, and has instead done so solely to delay the Department from finally deciding matters validly pending before it.

13. Plaintiff has no legitimate reason to bring actions against the named Workers' Compensation Judge defendants, and has done so solely in an attempt to force those Workers' Compensation Judges to recuse themselves.

14. Plaintiff's actions in filing this complaint, as well as the previous complaints identified above, and the various "emergency motions" that he has filed therewith, serve no legitimate purpose, and are dilatory, obdurate, vexatious, arbitrary and have been taken in bad faith.

15. Section 2503 of the Judicial Code permits this Court to award costs and fees for "dilatory, obdurate or vexatious" conduct, or for commencing an action which is "arbitrary, vexatious or in bad faith." 42 Pa.C.S. § 2503(7),(9).

## CONCLUSION

**WHEREFORE**, for all of the foregoing reasons, the Department respectfully requests that this Honorable Court award costs and reasonable attorneys' fees to the Department as permitted by 42 Pa.C.S.A. § 2503.

Respectfully submitted,

Thomas J. Kuzma, Deputy Chief Counsel
Pa. ID. No. 57112

By:

Thomas P. Howell, Assistant Counsel
Pa. I.D. No. 79527

Commonwealth of Pennsylvania
Department of Labor & Industry
Office of Chief Counsel
Workers' Compensation Division
1171 South Cameron Street, Room 103
Harrisburg, PA 17104-2501
Phone: (717) 783-4467

Date: January 19, 2010

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

ANNE WILSON,

                      Petitioner

                  v.

THE HONORABLE SANDI VITO, SECRETARY
OF THE DEPARTMENT OF
LABOR AND INDUSTRY
        &
HONEYWELL, INC.
        &
TRAVELERS INSURANCE CO.,

                    Respondents

No. 935 MD 2010

## CERTIFICATE OF SERVICE

I, Thomas P. Howell, Assistant Counsel, do hereby certify that the foregoing Application for Relief was served on this 19th day of January, 2011, upon the in the place and manner set forth below:

**SERVICE BY HAND-DELIVERY**
Chief Clerk
Commonwealth Court of Pennsylvania
Pennsylvania Judicial Center
601 Commonwealth Ave., Suite 4500
PO Box 62575
Harrisburg, PA 17106-2575
Fax (717) 787-9559

**SERVICE BY FIRST-CLASS MAIL**
Robert J. Murphy, Esquire
2341 Pennsylvania Avenue
Philadelphia, PA 19130
Fax (215) 567-3936

Neil Dombrowski, Esq.
161 W. Lancaster Ave
Paoli, PA 19301
Fax (610) 640-1651

**SERVICE BY FIRST-CLASS MAIL**
William Ryan, Jr.
Acting Attorney General of PA
16th Floor Strawberry Square
Harrisburg, PA 17120

Thomas P. Howell, Assistant Counsel
Supreme Court I.D. No. 79527
Commonwealth of Pennsylvania
Department of Labor and Industry
Bureau of Workers' Compensation
1171 S. Cameron Street, Rm 103
Harrisburg, PA 17104-2501
(717) 783-4467

Dated: January 19, 2011

# EXHIBIT 5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anne Wilson in her own right and    :
Anne Wilson, Administratrix of the
Estate of her deceased husband,    :
James Wilson,
                Petitioner    :

v.                :

Sandi Vito, Secretary    :
Department of Labor & Industry
and Honorable Joseph    :
Hagan and Honeywell, Inc.
(formerly Allied Signal, Inc.) and    :
Travelers Casualty and Surety
Company and Owens Illinois, Inc.    :
and Eric Kadish,
         Respondents  :      No. 935 M.D. 2010

## O R D E R

NOW, June 14, 2011, it is hereby ordered as follows:

1) The motion to dismiss as moot the amended petition for review filed by respondents' Sandi Vito, Secretary Department of Labor & Industry and Honorable Joseph (respondents) is granted in part consistent with the foregoing opinion.

2) Respondents' preliminary objections to the amended petition for review are sustained consistent with the foregoing opinion.

3) The preliminary objections of Owens Illinois, Inc. and Eric Kadish are sustained.

4) Petitioner Anne Wilson's March 18 and 25, 2011 applications for relief in the nature of a petition for stay, suspension, continuance and/or summary

special equitable relief and/or preliminary or special injunction are dismissed as moot.

5) Petitioner's May 6, 2011 application to strike, dismiss and deny respondents' untimely preliminary objections and/or summary equitable relief, etc. is denied.

6) Petitioner's May 11, 2011 application for special and/or summary relief and judgment pursuant to Pa. R.A.P. 123, 2491 and Pa. R.C.P. No. 1026, 1028, and 1029 is dismissed as moot.

7) Petitioners' application to strike, dismiss, stay or deny respondents' application for relief in the nature of a motion to dismiss as moot is denied.

8) Respondents' January 24, 2011 application for relief in the nature of a motion to assess costs and fees is denied.

9) The amended petition for review is dismissed with prejudice.


_____
Keith B. Quigley, Senior Judge

13

Certified from the Record

JUN 1 4 2011

and Order Exit

hand-delivered, I guess, or delivered to the Court ex

parte by Mr. Dombrowski ---

JUDGE HAGAN:

How else could it be delivered to the

Court except ex parte ---?

ATTORNEY MURPHY:

They're supposed to be brought here to

the hearing, that's what we've done.

ATTORNEY DOMBROWSKI:

We did both, Your Honor.

JUDGE HAGAN:

--- or sent by mail.

ATTORNEY DOMBROWSKI:

We would have --- Your Honor, he has

objected to sending anything by mail, and objected to

letters that this case has, over four years, as not

part of the record, so he can't therefore --.

JUDGE HAGAN:

All of these documents sent to the Court

by you are ex parte communications; correct?

ATTORNEY DOMBROWSKI:

They are pursuant to Your Honor's Orders.

They may be characterized that way, but we must follow

the Court's Orders until such time as the Court

recuses itself.

...use.

JUDGE HAGAN:

Well, I'm doing it.

ATTORNEY MURPHY:

You're doing it?  Well, BS, there's

nothing ---.

JUDGE HAGAN:

Now, when I tried to talk to Mrs. Wilson

on the phone, she was getting emergency treatment in a

hospital that day, too.

**From:** Gottsch, Michael D. <Michael.Gottsch@pacourts.us>
**To:** Kathleen A. Murphy <rkmurphy1@aol.com>
**Subject:** Your letter dated February 23, 2017
**Date:** Thu, Feb 23, 2017 5:31 pm

Dear Mr. Murphy:

I am writing in response to the letter you just faxed to me. I will be placing this response in the mail tomorrow morning (as it is 5:12 p.m. now), per your request.

First, as you know, your letter contains multiple false assertions that I will not dignify with a response.

Second, your letter states, "[t]his will also confirm that the undersigned has been available for service since February 15, 2017 ... ." That statement is untrue, as you know. We have attempted numerous times since then to serve you at your home (the place where you had said you would accept service of the Petition for Discipline. You subsequently stated that you would not accept such service). On the telephone with me yesterday, I asked you directly to give me a date and time when we could serve you. You stated, "I'll have to get back to you on that." I asked you that question twice. You repeated the same answer twice.

Third, I reiterate that I am emailing you at the address you provided as your email address on your registration form filed with the Attorney Registration Office. You have emailed me twice from that address, and you have received emails from me at that address. Your contention that you checked and have not received any recent emails from me is curious. None of the emails I have sent you have been rejected or have bounced back to me. Your statement that emails "often involve rejections/viruses and other electronic interferences over which we have no control" simply does not comport with common experience with email. You have told me that you lack technological proficiency. Perhaps this explains your impression about viruses and the like. You have, nevertheless, at times emailed me and responded to emails I have sent you.

Finally, I note that while you typically fax letters to me, I am unable to fax letters to you. That is because you told me the only way to fax a letter to you is to call you and you will then have to turn on your fax machine. The last 5 times (at least) that I have called you, there was no answer. Thus, it would have been impossible for me to fax you anything.

Henceforth, I request that you send me letters via regular mail, and not by fax.

Sincerely yours,

· Michael D. Gottsch

Michael D. Gottsch
Office of Disciplinary Counsel
1601 Market Street
Suite 3320
Philadelphia, PA 19103
(215) 560-6296 – Ext. 4938
Fax: (215) 560-4528
E-mail: Michael.Gottsch@pacourts.us

**WARNING! This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. It contains information from the Office of Disciplinary Counsel which may be privileged, confidential and exempt from disclosure under applicable law. Dissemination or copying of this by anyone other than the addressee or the addressee's agent is strictly prohibited. If this electronic mail transmission is received in error, please notify the Office of Disciplinary Counsel, 215-560-6296. Thank you.**

Robert J. Murphy, Esquire
Attorney ID NO. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Robert J. Murphy, Esquire          : No. 2:17–CV-01239-EGS
         Plaintiff

    v.                    :
Office of Disciplinary Counsel, et al   :
         Defendants

### VERIFICATION

I, Robert Murphy, hereby state that the facts set forth in the within Plaintiff's Amended

Complaint in the captioned matter are true and correct based on knowledge, information and

belief.

The undersigned understands that the statements herein are made subject to the penalties

of 18 Pa. C.S. Section 4904 relating to unsworn falsifications to authorities.

Date: 4/27/17                              Robert J. Murphy, Esquire

Robert J. Murphy, Esquire
Attorney ID NO. 15555
7 Coopertown Road
P.O. Box 39
Haverford, PA 19041
610-896-5416
Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Robert J. Murphy, Esquire          : No. 2:17–CV-01239-EGS
             Plaintiff

    v.                                               :

Office of Disciplinary Counsel, et al          :
            Defendants

### CERTIFICATE OF SERVICE

I, Robert J. Murphy, Esquire do hereby certify that the original Plaintiff's , Robert

Murphy's, Amended Complaint  together with attached exhibits and certificate of service

was filed and served with the United States District Court for the Eastern District of

Pennsylvania  via Hand-Delivery on April 24, 2017 and a true and correct copy was served via

United States Mail, Postage Prepaid on April 24, 2017 pursuant to applicable law on the below

listed counsel for defendants:

Michael Daley, Esquire
Supreme Court of Pennsylvania Administrative
Office of Pa Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

BY: _____
        Robert J. Murphy, Esquire
        Pro Se