IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT J. MURPHY, ESQUIRE, Individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 17-1239 |
| v. | : : | |
| OFFICE OF DISCIPLINARY COUNSEL, PAUL J. KILLION, ESQ., Chief Disciplinary Counsel, in his official capacity and in his individual capacity; MICHAEL GOTTSCH, ESQ., in his official capacity and in his individual capacity; RICHARD HERNANDEZ, ESQ., in his official capacity and in his individual capacity; ANTHONY SODROSKI, ESQ., in his official capacity and in his individual capacity; MARK GILSON, ESQ., in his official capacity and in his individual capacity; STEWART L. COHEN, ESQ., in his official capacity and in his individual capacity; DION RASSIAS, ESQ., in his official capacity and in his individual capacity; JANE G. PENNY, ESQ., in her official capacity and in her individual capacity; JERRY LEHOCKY, ESQ., in his official capacity and in his individual capacity; DAVID FITZSIMONS, ESQ., in his official capacity and in his individual capacity; BRIAN CALI, ESQ., in his official capacity and in his individual capacity; and THE DISCIPLINARY BOARD OF THE SUPREME COURT OF PENNSYLVANIA, | : : : : : : : : : : : : : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 30th day of September, 2019, after considering: (1) the second amended complaint filed by the *pro se* plaintiff, Robert J. Murphy ("Murphy"), Doc. No. 36; (2) the motion to dismiss the second amend amended complaint filed by the defendants, The Office of Disciplinary Counsel ("ODC"), The Disciplinary Board of the Supreme Court of Pennsylvania ("Disciplinary Board"), Paul J. Killian, Esquire ("Killion"),[1] Michael Gottsch, Esquire ("Gottsch"), Richard Hernandez, Esquire ("Hernandez"), Anthony Sodroski, Esquire ("Sodroski"), Mark Gilson, Esquire ("Gilson"), Stewart L. Cohen, Esquire ("Cohen"), Dion Rassias, Esquire ("Rassias"), Jane G. Penny, Esquire ("Penny"), Jerry LeHocky, Esquire ("LeHocky"), David Fitzsimons, Esquire ("Fitzsimons"), and Brian Cali, Esquire ("Cali"), Doc. Nos. 38, 39; (3) Murphy's response in opposition to the motion to dismiss, Doc. No. 40; (4) Murphy's motion for a temporary restraining order and a preliminary injunction, Doc. No. 42; (5) the defendants' brief in opposition to the motion for a preliminary injunction, Doc. No. 43; and (6) the parties' status update letters, Doc. Nos. 45, 46; and, for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The motion to dismiss (Doc. No. 38) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The motion to dismiss, to the extent that the defendants argue that this court must abstain from exercising jurisdiction over this matter pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), is **GRANTED** insofar as the defendants contend that the court must abstain from presiding over Murphy's claims for injunctive and declaratory relief, but

---

[1] Murphy incorrectly spells this defendant's name in the second amended complaint. The court uses the proper spelling in this order.

**DENIED** insofar as the defendants claim that the court should abstain over Murphy's claims for damages;

    b.    The motion to dismiss, to the extent that the defendants argue that this court lacks jurisdiction over Murphy's constitutional claims against the ODC, Disciplinary Board, and the individual defendants in their official capacities because of their Eleventh Amendment immunity, is **GRANTED** and those claims are **DISMISSED WITHOUT PREJUDICE**;

    c.    The motion to dismiss, to the extent that the defendants argue that absolute prosecutorial immunity bars Murphy's claims against Killion, Gottsch, Hernandez, Sodroski, and Gilson is **GRANTED** only as to those claims asserted in the second amended complaint relating to conduct by these defendants following the initiation of formal disciplinary proceedings in December 2016;

    d.    The motion to dismiss, to the extent that the defendants argue that quasi-judicial immunity bars the claims again Cohen, Rassias, Fitzsimons, Cali, LeHocky, Penny, Killion, Gottsch, Hernandez, Sodroski, and Gilson, is **GRANTED**;

    e.    The motion to dismiss, insofar as the defendants argue that judicial immunity bars the claims against Cohen, Rassias, Fitzsimons, Cali, LeHocky, and Penny, is **DENIED AS MOOT** as these defendants are protected by quasi-judicial immunity;

    f.    The motion to dismiss, insofar as the defendants argue that Murphy has failed to state a claim for relief for a violation of the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, is **GRANTED** and those claims are **DISMISSED**; and

g. The motion to dismiss, insofar as the defendants argue that they are immune from liability for any state law claims under 1 Pa. C.S. § 2310, is **DENIED** because Murphy has not asserted any state law claims;

2. The second amended complaint is **DISMISSED** and Murphy is **DENIED** leave to file a third amended complaint;

3. The motion for a temporary restraining order and a preliminary injunction (Doc. No. 42) is **DENIED**; and

4. The clerk of court shall mark this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.